IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE GROWTH HOLDINGS LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>MAINSTREET LIMITED VENTURES, LLC, et. al.,<br><br>    Defendant.                       / | No. CV 13-1452 CRB<br><br>**ORDER GRANTING PARTIAL SUMMARY JUDGMENT** |

     Plaintiff Blue Growth Holdings Ltd. moves for summary judgment on its causes of action for breach of contract against Defendants Mainstreet Limited Ventures, LLC ("Borrower") and Joseph M. Aaron ("Guarantor"). The Court GRANTS summary judgment on the issue of liability and DENIES it on the question of damages.

**I.    BACKGROUND**

     On or about January 1, 2011, Plaintiff lent $1,262,500 to Borrower, recorded by a promissory note. Compl. ¶¶ 8-9 (dkt. 1), Answer ¶¶ 8-9 (dkt. 10). Plaintiff then lent Borrower a further $300,000 on or about May 1, 2011, recorded in a second promissory note. Compl. ¶¶ 10-11, Answer ¶¶ 10-11. Both notes were guaranteed by Guarantor. Compl. ¶¶ 12-13, Answer ¶¶ 12-13. Borrower then defaulted on or around July 2012. Compl. ¶ 15, Answer ¶ 15. Plaintiff and Defendants then signed a Forbearance Agreement, under which Plaintiff agreed to forbear from exercising any of its rights or remedies against Defendants

1  under the promissory notes and Defendants admitted they were and continued to be in breach
2  of the promissory notes. Compl. ¶ 16, Ex. 5, Answer ¶ 16. Defendants did not comply with
3  the repayment schedule in the Forbearance Agreement. See Compl. Ex. 5, Supp. Fox Decl.
4  Ex. 1-3 (dkt. 30).[1] Plaintiff filed a complaint alleging breach of the notes against Borrower
5  and breach of the guarantees against Guarantor. See generally Compl. Plaintiff now moves
6  for summary judgment against Defendants. See generally MSJ (dkt. 16).

## II.  LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The burden is on the moving party to demonstrate that there is no genuine dispute with respect to any material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

## III.  DISCUSSION

### A.  Defendants' Liability for Breach

Though Defendants initially objected to some of Plaintiff's evidence establishing liability for breach, Plaintiff's reply brief mooted those objections with additional evidence to which Defendants have not objected.[2] As a result, liability is not in serious dispute. A cause

---

[1] Defendants did not object to the evidence introduced in support of Plaintiff's Reply. See Civil L.R. 7-3(d)(1).

[2] The objections were separately filed and thus procedurally improper under Civil Local Rule 7-3(a). Regardless, the Court does not rely on any of the evidence objected to in reaching its decision, and so Defendant's objections are OVERRULED as moot.

2

of action for breach of contract requires (1) a contract, (2) performance by the plaintiff, (3), breach of the contract by the defendant, and (4) that the plaintiff has suffered damages. Poseidon Dev. v. Woodland Lane Estates, LLC, 62 Cal. Rptr. 3d 59, 63 (Ct. App. 2007).

Plaintiff's allegations and evidence indicate that it contracted with Borrower to loan Borrower monies, that it performed under those contracts by loaning the monies, that Borrower breached the contracts by failing to repay those monies as required by either the promissory notes or the Forbearance Agreement, and that Borrower's failure to repay the monies caused Plaintiff damage.

Defendants have asserted a usury defense, which would preclude the collection of interest if successful—but Borrower is still liable for the principal on a usurious loan. See Strike v. Trans-West Discount Corp., 155 Cal. Rptr. 132, 138 (Ct. App. 1979). Therefore, only the amount, not the existence, of damages is disputed. Because Borrower has not contested any of the other facts put forth by Plaintiff, this Court deems those facts admitted for the purposes of this motion. Fed. R. Civ. P. 56(e). Because none of the elements of breach of contract are in dispute, summary judgment is GRANTED as to Plaintiff's breach of contract claim except on the amount of damages.

The same is true for the claim against Guarantor. Guarantor entered into a contract with Plaintiff to guarantee the loans to Borrower in the event of Borrower's default. As discussed above, Borrower breached the promissory notes. Consequently, Guarantor's obligations were triggered. The loans have not been repaid. Supp. Fox Decl. Ex. 1-3. Because Plaintiff has not been repaid, Plaintiff has suffered damages, and the usury defense concerns the amount and not the existence of damages. See Strike, 155 Cal. Rptr. at 138.

Because Guarantor has not contested any of the other facts put forth by Plaintiff, this Court may deem those facts admitted for the purposes of this motion. Fed. R. Civ. P. 56(e). And because none of the elements of breach of contract are in dispute, summary judgment is GRANTED on Plaintiff's breach of guaranty claim except on the amount of damages.

Defendants argue that Plaintiff was obligated to give Defendants notice of the breach and an opportunity to cure before bringing suit. Defendants have presented no legal authority in support of this proposition. Nor have Defendants explained why a letter and e-mail sent to them in March 2013 notifying them of the default would not satisfy any such obligation. See Supp. Tsao Decl. (dkt. 29) Exs. A & B. Consequently, the Court concludes that the alleged lack of notice does not preclude summary judgment on Defendants' liability.

The primary remaining question is whether Defendants' usury defense can be resolved as a matter of law.

### B.   Whether the Promissory Notes Were Usurious Is a Genuinely Disputed Question of Fact

Under California law, "[t]he essential elements of . . . usury are: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." WRI Opportunity Loans II LLC v. Cooper, 65 Cal. Rptr. 3d 205, 212 (Ct. App. 2007). Intent, in the context of usury, is satisfied by the intent to accept payment in excess of the legal rate; a conscious intent to evade the law is not required. Id. Intent in regard to usury is a question of fact. Id. If a loan is found to be usurious, the lender may not collect interest. Strike, 155 Cal. Rptr. at 138. The defense of usury is generally not waivable because a usurious transaction is unlawful. WRI, 65 Cal. Rptr. 3d at 219-22.

In general, a loan of the type at issue here with an annual rate of interest exceeding 10 percent is usurious. Cal. Const. art. XV, § 1. The notes here set the interest rate on the loans at 12 percent. See Fox Decl. (dkt. 18) Ex. 1 ¶ 1(a), Ex. 2 ¶ 1(a). Though the usury provision provides for alternative definitions of a presumptively usurious rate for different types of loans, see Cal. Const. art. XV, § 1(2), Plaintiffs do not contest that the 10 percent rate applies here. See Reply at 1.

4

1    Plaintiff avers that because the promissory notes at issue contained savings clauses
2 purporting to lower the interest rate to any applicable statutory maximum,[3] the notes are non-
3 usurious on their faces. Plaintiff relies on the case of In re Dominguez, 995 F.2d 883 (9th
4 Cir. 1993), which actually held just the opposite.

5    In Dominguez, the Ninth Circuit held that a contract with (1) a stated interest rate
6 exceeding the usury limit and (2) a savings clause purporting to lower that rate below the
7 usury ceiling—i.e., a contract just like the one at issue here—was neither conclusively
8 usurious nor conclusively non-usurious on its face. Id. at 886-87. The court explained that
9 the ultimate issue was intent regarding the rate, and in light of the danger that a savings
10 clause could be a "subterfuge or sham, designed to permit the collection of a usurious rate of
11 interest without an appearance of violation of the law," the lower court in that case correctly
12 admitted and examined extrinsic evidence, such as what rate was actually charged and the
13 understanding of the contract drafters, on what was intended. Id. at 887-88. The possibility
14 of a sham savings clause makes the clarity of that clause, emphasized by Plaintiff at the
15 hearing on this motion, beside the point.

16    Plaintiff here has admitted that it collected interest at the twelve percent rate. Reply at
17 6. Because Plaintiff accepted payment in excess of the legal rate, the record contains
18 evidence to support the contention that Plaintiff had usurious intent regardless of the
19 presence of the savings clause, which distinguishes this case from the one cited by Plaintiff at
20 the hearing on this motion, Moore v. Dealy, 117 Cal. App. 2d 89 (1953), and creates a
21 genuine dispute of material fact as to intent.[4] Accordingly, the Court DENIES Plaintiff's
22 motion for summary judgment as it relates to Defendants' usury defense.

---

[3] E.g. Compl. Ex. 1 Section 5: "If a law, which applies to this note and sets maximum loan charges, is finally interpreted so that the interest or other charges collected or to be collected in connection with this Note exceed the permitted limits then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) sums already collected from Borrower which exceed permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment."

[4] Notably, Plaintiff also attempted to collect interest at a usurious rate in its Motion for Summary Judgment even after Defendants asserted a usury defense. See Answer at 5, Mot. at 7-8 (citing Fox. Decl. ¶ 14, Ex. 7).

## IV. CONCLUSION

Plaintiff has shown that there is no genuine dispute of material fact as to Defendants' liability for breach of contract. However, disputes of fact preclude summary judgment on Defendants' usury defense. Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: September 4, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE