1  JOSHUA D. WAYSER (SBN 152711)
   joshua.wayser@kattenlaw.com
2  JESSICA M. MICKELSEN (SBN 277581)
   jessica.mickelsen@kattenlaw.com
3  **KATTEN MUCHIN ROSENMAN, LLP**
   2029 Century Park East, Suite 2600
4  Los Angeles, California 90067-3012
   Telephone: (310) 788-4400
5  Fax: (310) 788-4471

6  Attorneys for Plaintiff
   Blue Growth Holdings Ltd.
7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11 | BLUE GROWTH HOLDINGS LTD.,              ) CASE NO. 3:13-cv-01452-CRB
   | a company organized under the laws of the )
12 | British Virgin Islands,                  )
   |                                          ) **STIPULATION TO DISMISS BETH AARON**
13 |              Plaintiff,                  ) **FROM THE FIRST AMENDED**
   |                                          ) **COMPLAINT AND TO DISMISS COUNT III**
14 |        v.                                ) **OF THE FIRST AMENDED COMPLAINT**
   |                                          )
15 | MAINSTREET LIMITED VENTURES, LLC,)  **AND**
   | a Limited Liability Company organized under )
16 | the laws of the State of California; JOSEPH M.) **ORDER THEREON**
   | AARON, an individual; BETH AARON, an    )
17 | individual; DOES 1-50 inclusive,         )
   |                                          )
18 |              Defendants.                 )
                                              )
19
20
21 _____

22         This Stipulation To Dismiss Beth Aaron From the First Amended Complaint and to Dismiss

23 Count III of the First Amended Complaint ("Stipulation") is entered into by and between Plaintiff

24 Blue Growth Holdings Ltd. ("Plaintiff) and Defendant Beth Aaron ("Mrs. Aaron"), through their

25 respective counsel of record, in the above-captioned case. This Stipulation is made with respect to

26 the following facts:

27                        I.

28                     RECITALS

**STIPULATION TO DISMISS BETH AARON AND TO DISMISS COUNT III OF THE FIRST AMENDED COMPLAINT**
1

1. On April 1, 2013, Plaintiff filed a Complaint alleging two causes of action: (I) Breach of Promissory Notes ("Count I") against defendant Mainstreet Limited Ventures, LLC ("Mainstreet"); and (II) Breach of Guaranties ("Count II") against defendant Joseph M. Aaron ("Mr. Aaron"). (Mainstreet, Mr. Aaron and Mrs. Aaron are collectively referred to hereinafter as the "Defendants.") The Complaint was assigned the above-captioned case number.

2. Count I alleged Mainstreet's breach of two Registered Promissory Notes: (a) the first dated January 1, 2011, memorializing a loan that Plaintiff made to Mainstreet in the principal sum of one million two hundred sixty-two thousand five hundred dollars ($1,262,500.00); and (b) the second dated May 1, 2011, memorializing a loan that Plaintiff made to Mainstreet in the principal sum of three hundred thousand dollars ($300,000.00). And, despite demand, Mainstreet has failed to pay at least $1,1432,042 due and owing as of February 2013.

3. Count II alleged that, despite demand, Mr. Aaron failed to pay both loans and perform under both notes, and related loan documents, pursuant to terms and conditions set forth in two personal guarantees dated January 1, 2011 and May 1, 2011.

4. Shortly after filing the Complaint, in June 2013, Plaintiff learned that Mr. Aaron and Mrs. Aaron transferred/transmuted title of their residency at 557 3rd St. E, Sonoma, CA 95476 (the "Property") to Mrs. Aaron, as her sole and separate property.

5. Plaintiff believed that Mr. Aaron transferred/transmuted the Property without consideration based upon the deed, which reflected that the transfer was made for no value and no transfer tax was paid.

6. Plaintiff further believed that Mr. Aaron made this transfer of the Property, despite assurances to Plaintiff that the Property would always be the source of repayment for loans that Plaintiff made to Mainstreet, which Mr. Aaron guaranteed, if Mainstreet was otherwise unable to pay them.

7. Based on this belief, Plaintiff filed a Motion for Leave to File First Amended Complaint, which the Court granted.

8. On October 25, 2013, Plaintiff filed a First Amended Complaint. The First Amended Complaint added a third cause of action for Fraudulent Transfer Under California Civil Code § 3439,

*et seq.*, The Uniform Fraudulent Transfer Act (UFTA) ("Count III") based on the alleged transfer/transmutation.

9. Specifically, in Count III, Plaintiff alleged that Mr. Aaron and Mrs. Aaron transferred/transmuted the Property to place the Property outside the reach of Plaintiff because Plaintiff believes that a judgment against Defendants for their breach was inevitable. Plaintiff also alleged that this was done so that Plaintiff could not look to Mr. Aaron's interest in the Property to satisfy any judgment in Plaintiff's favor. Plaintiff also alleged that Mr. Aaron's transfer was made with knowledge and actual intent to hinder, delay, or defraud his creditors.

10. On February 18, 2014, Defendants recorded an inter-spousal deed ("Deed") restoring title to the Property to Joseph M. Aaron and Beth Aaron, Trustees Of The Joseph M. Aaron & Beth Aaron Family Trust Dated 2/28/08 (the "Family Trust"). The Deed provides that the "transfer is a transfer between spouses of community, quasi-community or quasi-marital property between spouses." The Grantor is Beth Aaron, and the Property was transferred to the Family Trust.

11. As a result of that Deed, the parties have agreed to stipulate, upon the terms herein, that Count III of the First Amended Complaint has been resolved and request dismissal of Mrs. Aaron from the above-captioned action as well as dismissal of Count III of the First Amended Complaint.

**IT IS HEREBY STIPULATED** that:

1. The Family Trust, to which the Property was transferred, is otherwise known as the "Joe and Beth Aaron Family Trust," and title to trust assets are otherwise taken as "Joseph M. Aaron & Beth Aaron, or their Successors, as Trustee of the Joe and Beth Aaron Family Trust dated February 28, 2008."

2. The Property that was transferred to the Family Trust is Mr. and Mrs. Aaron's community property;

3. There are no transmutation or other agreements that would prevent Plaintiff's enforcement against the Property if Plaintiff obtains a judgment herein against Mr. Aaron; and

4. Subject to and based on the above conditions and stipulations, Mrs. Aaron is

---

**STIPULATION TO DISMISS BETH AARON AND TO DISMISS COUNT III OF THE FIRST AMENDED COMPLAINT**

dismissed from the above-captioned action, and Count III of the First Amended Complaint is also dismissed.

**IT IS SO STIPULATED.**

Dated: March 14, 2014

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

By: _____
Joshua D. Wayser
Jessica M. Mickelsen
Attorneys for Plaintiff
BLUE GROWTH HOLDINGS, LTD.

Dated: March 14, 2014

theDewberryfirm

By: _Robert H. Dewberry_
Robert H. Dewberry
Attorneys for Defendants
MAINSTREET LIMITED VENTURES, LLC;
JOSEPH M. AARON
BETH AARON

ORDER

The foregoing stipulation is approved and becomes the Order of this Court.

Dated: March 17, 2014

IT IS SO ORDERED
Judge Charles R. Breyer

**STIPULATION TO DISMISS BETH AARON AND TO DISMISS COUNT III OF THE FIRST AMENDED COMPLAINT**