IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE GROWTH HOLDINGS LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>MAINSTREET LIMITED VENTURES, LLC, et. al.,<br><br>    Defendant. | No. CV 13-1452 CRB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Now before the Court is Plaintiff's motion for $145,980.54 in attorneys' fees and costs arising out of a contractual breach. The contract provided for attorneys' fees and costs in the event of a breach and Defendants have not proved that the request is unreasonable. Therefore, pursuant to California Civil Code Section 1717(a), the Court GRANTS the motion.

**I.   BACKGROUND**

Plaintiff Blue Growth Holdings Ltd. brought this action against Defendants Mainstreet Limited Ventures, LLC and Joseph M. Aaron on April 1, 2013, alleging that Defendants failed to repay two promissory notes.[1] Compl. (dkt. 1) ¶¶ 8-19. The Court found that Defendants were liable to Plaintiff for damages under the notes. See Order (dkt. 42) at 1. Then, after Plaintiff agreed to reduce the interest rate on the loans to address Defendants'

---

[1] Defendant Aaron, though not a signatory to the promissory notes, signed two personal guarantees, which made him responsible for the full amount of the promissory notes if Mainstreet defaulted. See Compl. ¶¶ 12-14.

argument that the rate was usurious, Pl.'s 2d SMJ Mot. (dkt. 59) at 1, the Court entered judgment for Plaintiff in the amount of $915,459.18. J. (dkt. 69).

Now before the Court is Plaintiff's motion for attorneys' fees and costs under California Civil Code § 1717(a), which authorizes claims for fees and costs arising out of contract. Mot. (dkt. 73) at 5. Plaintiff claims attorneys' fees for eight attorneys, including three partners, and four paralegals from Katten Muchin Rosenman LLP, an international law firm of more than 600 attorneys headquartered in Chicago, Illinois. See Dewberry Decl. (dkt. 78-1) ¶ 4. Plaintiff submits evidence that the partners billed 76 hours at a rate of $695 to $925 per hour; the associates billed 186.7 hours at a rate of $375 to $640 per hour; and the paralegals billed 9.8 hours at a rate of $170 to $320 per hour. See Wayser Decl. (dkt. 74) Ex. C; Suppl. Wayser Decl. (dkt. 79-1) Ex. F; 2d Suppl. Wayser Decl. (dkt. 84) Ex. 1. The parties do not dispute that Plaintiff is the "prevailing party" in the underlying action, and is entitled to reasonable attorneys' fees and costs as a matter of law.[2] See id. at 4-5.

## II.  LEGAL STANDARD

Federal courts follow state law when state law governs the attorneys' fees claim. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). Here, California law permits an award of reasonable attorneys' fees and costs to any party prevailing under contract "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded." Cal. Civ. Code § 1717(a). The parties do not dispute that under the relevant statutes, the starting point for any fee award is the lodestar amount: the number of hours reasonably worked multiplied by a reasonable billing rate. E.g., Ketchum v. Moses, 24 Cal. 4th 1122, 1132-36 (2001). Nor do the parties dispute that the Court may award attorneys' fees and costs incurred in connection with the fee-related motions. See id. at 1133-34.

---

[2] The promissory notes obligate Mainstreet to "pay to Lender on demand the reasonable fees of such attorneys together with all other costs and expenses incurred by Lender." Mot. at 4 (citing section 4 of the promissory notes attached at Exhibit A). Similarly, the guarantees obligate the guarantor, Joseph Aaron, to "pay on demand, and to hold the Guaranteed Party harmless against liability for, any and all costs and expenses (including, without limitation, legal fees, costs and expenses of counsel and fees . . .)." Mot. at 5 (citing section nine of the guarantees attached at Exhibit B).

## III. DISCUSSION

Plaintiff seeks $141,913.60 in attorneys' fees and $4,066.94 in costs.[3] See Plf's Updated Request for Attys' Fees and Costs (dkt. 83) at 2. Defendants argue that (1) Plaintiff has not provided enough information about its timekeepers for the Court to make a determination as to the reasonableness of the hourly rates, and (2) regardless of each attorneys' qualifications, the rates are unreasonably high.[4] Opp'n (dkt. 78) at 2-4. Defendants do not challenge the amount of costs requested. Because Defendants' own declaration provides sufficient information about the attorneys and the hourly rates are well within the range charged by comparable firms in the same market, the Court GRANTS Plaintiff's motion for attorneys' fees and costs in full.

### A. Timekeepers Other than Plaintiff's Lead Counsel

Defendants argue that the Court should award only fees for Joshua Wayser—Plaintiff's "lead attorney"—because the Court does not have enough information about the other timekeepers. Id. at 2. Local Rule 54(b)(3) requires the moving party to provide a "brief description of relevant qualifications and experience," but Plaintiff has satisfied this burden. Defendants' own declaration provides the rank and home office of each of Plaintiff's attorneys, and the date of each attorneys' admission to the bar is publicly available. See Dewberry Decl.¶ 2. Further, Plaintiff's billing records provide a detailed account of each timekeeper's work on the case. See Wayser Decl., Ex. C; Suppl. Wayser Decl., Ex. F; 2d Suppl. Wayser Decl., Ex. 1. The Court has sufficient evidence, given the general subject matter of the underlying action, to determine the reasonableness of the attorneys' hourly rates based on each attorneys' position, experience, and recorded tasks.

---

[3] The Court notes that Plaintiff has requested fewer fees and costs than Plaintiff's counsel billed from March 2013 to July 2014. Plaintiff notes that it has deducted $1,911.00 from its total costs billed for costs incurred in regard to enforcement actions. Plf's Updated Request for Attys' Fees and Costs at 2.

[4] Defendants also argue that Plaintiff's fees motion inappropriately includes attorneys' fees that had not yet been billed to the client. Opp'n at 2-3. Yet Defendants have cited no case law in support of their position, and the Court finds no reason why these costs should be excluded. See Suppl. Wayser Decl., Ex. F.

1    Underlying Defendants' arguments is the objection that Plaintiff has billed an
2 unreasonable number of hours. See Opp'n at 2. Plaintiff submits evidence that it was
3 represented by eight Katten Muchin attorneys and four paralegals, who spent 272.5 hours
4 investigating Plaintiff's claims, preparing court documents, researching legal issues,
5 responding to discovery requests, and attending three settlement conferences. See Mot. at 6-
6 8; Wayser Decl. (invoices from April 2013 to March 2014); Suppl. Wayser Decl. (invoice for
7 April 2014); 2d Suppl. Wayser Decl. (invoices for May and July 2014). Plaintiff argues
8 convincingly that the time spent was necessary to enforce the loans and to defend against
9 Defendants' attempts to avoid liability (such as transferring property to guarantor's wife).
10 See Reply at 5. Given that Defendants have failed to point to any examples from the billings
11 of unnecessary or duplicative work, and the case, which is more than one year old, has
12 demanded multiple time-intensive settlement conferences and motions for summary
13 judgment, the Court finds that the 272.5 hours billed were reasonable.

### B.    Hourly Rate

To determine the reasonable hourly rate, courts look to the rates customarily charged for work of the type performed in the relevant legal community, the reputation and experience of the attorneys who performed the services, the quality of legal services on behalf of the client, the complexity of the work performed, and the results achieved. Pennsylvania v. Del. Valley Citizens Council, 478 U.S. 546, 556-57 (1987). Plaintiff submits the following rates for its attorneys and paralegals:[6]

---

[6] The Court derives these figures directly from Plaintiff's billing statements and account ledger, not Defendants' declaration, which provides a similar table. See Wayser Decl., Suppl. Wayser Decl.; 2d Suppl. Wayser Decl. But see Dewberry Decl. ¶ 4.

4

| Timekeeper | Year of Bar Admission | Level | Hourly Rate | Hours |
|---|---|---|---|---|
| Santo, F. (NY)[7] | 1979 | Partner | $925 | 2.5 |
| Wayser, J. | 1991 | Partner | $710-740 | 73.3 |
| Westreich, B. | 1988 | Partner | $695 | .2 |
| Broder, K. (NY) | 2009 | Associate | $640 | 0.8 |
| Mickelsen, J. | 2011 | Associate | $575 | 53.4 |
| Turk, H. | 2008 | Associate | $545 | 2.2 |
| Tsao, P. | 2009 | Associate | $455-520 | 114.6 |
| Avraham, D. (IL) | 2012 | Associate | $375 | 15.7 |
| Gonshorek | -- | Paralegal | $320 | 0.4 |
| Taylor, S. | -- | Paralegal | $260-270 | 1.4 |
| Griggs, T. | -- | Paralegal | $245 | 7.2 |
| Carolo | -- | Paralegal | $170 | 0.8 |

See Wayser Decl., Ex. C; Suppl. Wayser Decl., Ex. F; 2d Suppl. Wayser Decl., Ex. 1. Defendants' objections to these rates as "excessive" is unpersuasive.

Namely, Defendants object to Plaintiff's use of the National Law Journal Billing Survey (NLJ Survey) as a baseline for reasonable attorneys' fees, and instead suggests the Court use the Enterprise Legal Management Trends Report, published by LexisNexis, or the Laffey Matrix, which reports fees for attorneys in the Washington, D.C. area. Opp'n at 3; see Mot. at 12. Defendants' counsel even attaches his own billing statements by way of comparison. Dewberry Decl. ¶ 7, Ex. C. However, it is unclear why the Court would rely on national data or even data from the Washington D.C. metropolitan area when market rates for attorneys in California, Chicago, and New York—where Plaintiff's lawyers actually worked

---

[7] Defendants suggest that the attorneys admitted to the New York and Illinois State Bar practiced law in California without a license and, therefore, their fees should be void. See Dewberry Decl. ¶ 3. However, the Ninth Circuit has clearly established that courts may award attorneys' fees to out-of-state counsel that assists with cases. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 817, 819-20 (9th Cir. 2009). Thus, the Court has included these attorneys in its lodestar calculation.

—are readily available.[8] Similarly, the rates of Defendants' counsel are inapposite where Defendants' counsel is a solo practitioner in a more suburban market than Plaintiff's counsel, which hail from a large international firm with offices in major metropolitan centers like Los Angeles, Chicago, and New York. See id. ¶ 7.

In contrast, the NLJ survey is directly on point. It shows that the average hourly rates for partners in Los Angeles range from $685 to $890 per hour, and in New York City from $975-1055. Reply at 7-8. The hourly rates for Plaintiff's partner-level counsel are below or at the low-end of this range. (Plaintiff's rates range from $695 per hour for Los Angeles-based counsel to $925 per hour for New York-based counsel.) The hourly rates of Plaintiff's associate-level counsel, which range from $375 per hour for a Chicago-based associate to a high of $640 per hour for a fifth-year New York-based associate, are also reasonable.[9] The hourly rates for the attorneys that performed the bulk of the work are well-within the average range contemplated by the NLJ survey. See Wayser Decl., Ex. C; Suppl. Wayser Decl., Ex. F; 2d Suppl. Wayser Decl., Ex. 1. In sum, both the evidence and the case law support a finding that the hourly rates of Plaintiff's attorneys are acceptable.

## IV. CONCLUSION

Having found that the hourly rate, hours billed, and costs are reasonable, Plaintiff's motion for attorneys' fees and costs is GRANTED.

**IT IS SO ORDERED.**

Dated: July 16, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[8] Although the California Court of Appeal has permitted the use of the Laffey Matrix as a baseline rate for attorneys' fees, the Court is not obligated to adopt the matrix for its lodestar calculation. See Nemecek & Cole v. Horn, 208 Cal. App. 4th 641, 651 (2012). Indeed, California courts have long relied on market values to determine reasonable attorneys' fees. See id. (citing PLCM Group, Inc. v. Drexler, 22 Cal. 4th 1084, 1096-97 (2000)).

[9] The average hourly rates for associates in Los Angeles, New York, and Chicago are $415-535, $490-615, and $395-540 per hour respectively. Reply at 7-8. Defendant does not take issue with the hourly rates charged by Plaintiff's paralegals.